# Exhibit 2

## GUARANTY

For value received and in consideration of any loan or other financial accommodation of any kind heretofore, now or hereafter made or given by TCF Inventory Finance, Inc. ("Lender") to the debtor(s) listed below in the section titled "Name of Debtor" above the signature lines (each individually, "Debtor" or collectively, "Debtors") or to a customer of Debtor, the undersigned (individually, "Guarantor" or collectively, "Guarantors") unconditionally guarantees the full and punctual payment and performance when due, whether upon demand, at maturity or earlier by reason of acceleration or otherwise, and at all times thereafter, of all Liabilities. "Liabilities" herein shall mean all of the present and future liabilities, indebtedness and obligations of every kind and nature of each Debtor to Lender howsoever created, arising or evidenced, whether arising before or after a bankruptcy of a Debtor, whether direct or indirect, absolute or contingent, joint or several, now or hereafter existing, or due or to become due. Guarantors further agree to pay on demand all costs and expenses, including reasonable attorneys' fees, incurred by Lender in enforcing this Guaranty.

This is a guarantee of payment and not of collection. Guarantors agree that the obligations of each Guarantor under this Guaranty are unconditional, irrevocable and unaffected by: (i) the invalidity or unenforceability of the Liabilities or any document relating to the Liabilities (sometimes hereinafter referred to, collectively, as the "Documents"), or any law affecting the Liabilities or any Document; (ii) the absence of any attempt to collect the Liabilities from any Debtor or from others or of any attempt to realize upon any collateral for the Liabilities, or for this Guaranty; (iii) any failure by Lender to acquire, perfect or maintain a security interest in or to protect any collateral for the Liabilities; (iv) any legal or equitable defense of any Debtor or others; (v) the acceptance of additional parties primarily or secondarily liable on the Liabilities; (vi) the disallowance or avoidance of all or any portion of Lender's claim(s) for repayment of the Liabilities or of any collateral for the Liabilities; (vii) any prohibition or restriction imposed with respect to the rights and remedies of Lender in connection with the Liabilities, including without limitation any court order which purports to prohibit or suspend the acceleration of the time of payment of any Liabilities or the payment by any Debtor of any Liabilities; (viii) any Debtor becoming insolvent or bankrupt or subject to any insolvency or bankruptcy proceeding under any applicable law in any jurisdiction; (ix) any right or alleged right of setoff, counterclaim or demand that any Debtor or any Guarantor may have or may allege to have against Lender; or (x) any other circumstance which might otherwise constitute a discharge or defense of a guarantor.

Upon a default under any Document, Lender may proceed directly and at once against any Guarantor to collect the full amount or any portion of the Liabilities without notice and without first proceeding against any Debtor or others. Lender shall have the exclusive right to determine the application of payments and credits, if any, from each Guarantor, each Debtor, or others.

Lender is hereby authorized, without notice (which is hereby waived by each Guarantor) and without affecting the liability of any Guarantor hereunder from time to time to: (i) renew, extend, accelerate or otherwise change the time, place or manner for payment of, or other terms relating to, the Liabilities, or otherwise modify, amend, change or waive compliance with the terms of the Liabilities or any Document; (ii) accept partial payments on the Liabilities; (iii) take collateral for the Liabilities and the obligations of any guarantor or others on the Liabilities, and exchange, release, realize upon or institute any proceeding to realize upon, or liquidate any such collateral; (iv) apply such collateral and direct the order or manner of sale thereof as Lender may determine in its discretion; (v) release or compromise, in any manner, or collect or initiate any proceeding to collect the Liabilities; (vi) deal, fail to deal or maintain any security given by any Debtor or any other person in respect of the Liabilities; (vii) release, discharge, compromise or otherwise deal with any security in respect of the Liabilities in any manner whatsoever; (viii) extend additional loans, credit and financial accommodations and otherwise create additional Liabilities; or (ix) enforce or institute any proceeding to enforce any other guaranty of the Liabilities or release, or compromise in any manner the obligations of, any guarantor or others on the Liabilities.

Each Guarantor waives all notices, setoffs, counterclaims, presentments, protests and demands of any kind with respect to the Liabilities and this Guaranty. Each Guarantor agrees that Lender shall have no duty to advise any Guarantor of information now or hereafter known to Lender regarding the financial or other condition of any Debtor or any guarantor or others or regarding any circumstance bearing on the risk of non-payment of the Liabilities. Each Guarantor agrees to promptly provide to Lender such financial statements and other financial records and information respecting such Guarantor as Lender may from time to time request and each Guarantor represents and warrants to Lender that any and all such statements, records and information, whether previously or hereafter provided, are true, correct and complete. Each Guarantor authorizes Lender to investigate and make inquiries of former, current or future creditors or others, including credit bureaus, and provide to any creditors or others any and all financial, credit or other information regarding or relating to any Guarantor, with such authority to continue throughout the term of this Guaranty. Each Guarantor agrees that the sale of inventory by Lender to a person who is liable to Lender under a guarantee, endorsement, repurchase agreement or the like shall not be deemed to be a transfer subject to Sections 9-615(f) or 9-618 of the Uniform Commercial Code as in effect in the State of Illinois or any similar provision of any other applicable law, and each Guarantor waives any provision of such laws to the contrary. Each Guarantor agrees that repurchase of inventory by a seller of goods pursuant to a repurchase agreement between Lender and such seller shall be a commercially reasonable method of disposition. Guarantors shall be liable to Lender for any deficiency resulting from Lender's disposition, including without limitation a repurchase by such a seller, regardless of the subsequent disposition of the inventory by the purchaser. No Guarantor is a beneficiary of, and has no right to require Lender to enforce, any repurchase agreement.

Guaranty-Individual H051515US

Any notice of a disposition shall be deemed reasonably and properly given if given to each Guarantor at least ten (10) days before such disposition in accordance with the notice provision below.

No Guarantor may assign this Guaranty without the prior written consent of Lender. This Guaranty shall be binding upon each Guarantor and upon the heirs, legal representatives, personal representatives, trustees, receivers, successors and permitted assigns of such Guarantor, and shall inure to the benefit of Lender's successors and assigns. Wherever possible each provision of this Guaranty shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision shall be prohibited by or invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or the remaining provisions of this Guaranty.

All notices to be given hereunder shall be in writing (and, in the case of a notice by any Guarantor, shall identify the name of each Debtor) and delivered by courier or sent by registered mail to (i) each Guarantor at the address set forth below its/his/her signature line at the end of this Guaranty; and (ii) Lender at the address at the end of this Guaranty, or at such other address designated by a party by written notice. All such properly given notices shall be deemed effective on the date delivered.

No delay on the part of Lender in the exercise of any right or remedy shall operate as a waiver thereof, and no single or partial exercise by Lender of any right or remedy shall preclude any further exercise thereof. No modification, waiver or amendment of any of the provisions of this Guaranty shall be binding upon Lender except as expressly set forth in a writing duly signed by an authorized officer or agent of Lender and delivered by Lender to each Guarantor. Lender's failure at any time to require strict performance by any Guarantor of any of the provisions contained in this Guaranty shall not waive, affect or diminish any right of Lender at any time to demand strict performance thereof.

This Guaranty contains all of the understandings, promises and undertakings of the parties hereto concerning the subject matter hereof. All prior undertakings and agreements, oral or written, concerning the subject matter are merged herein.

To the extent that any Guarantor or any Debtor makes a payment or payments to Lender or Lender enforces its security interests or exercises its rights of setoff, and such payment or payments or the proceeds of such enforcement or setoff or any part thereof are subsequently invalidated, declared to be fraudulent or preferential, set aside and/or required to be repaid to a trustee, receiver or any other party under any bankruptcy law, state or federal law, common law or equitable cause with respect to the compromise of creditors rights generally, then to the extent of such recovery, the obligations or part thereof originally intended to be satisfied shall be revived and continued in full force and effect as if such payment had not been made or such enforcement or setoff had not occurred.

Each Guarantor agrees not to exercise or enforce any right of exoneration, contribution, reimbursement, recourse or subrogation available to such Guarantor against any Debtor or any other guarantor of the Liabilities, or as to any security therefore, unless and until the Liabilities have been paid and satisfied in full and Lender has no further obligation to extend credit to any Debtor. No Guarantor has a right to be subrogated hereunder unless: (i) Guarantors have paid to Lender an amount equal to the Liabilities together with all interest, expenses and other amounts due hereunder; (ii) any other person having a potential right of subrogation has waived such right and consented to the assignment of the Liabilities and any security held by Lender; (iii) Lender has received from each Debtor a release of all claims and demands which such Debtor may have against Lender, including any obligation to grant additional credit to any Debtor; and (iv) each Guarantor has executed and delivered to Lender a release of any claims which such Guarantor may have against Lender in respect of the Liabilities or this Guaranty. Any assignment of loans and security by Lender to a Guarantor shall be on an "as is, where is" basis without representations, warranties or conditions, and without recourse to Lender; provided that nothing however shall obligate Lender to grant any such assignment. All documents listed above shall be in form and substance satisfactory to Lender.

Each Guarantor hereby consents to the jurisdiction of any local, state or federal court located within the State of Illinois and waives any objection which such Guarantor may have based on improper venue or <u>forum non conveniens</u> to the conduct of any proceeding in any such court and waives personal service of any and all process upon it, and consents that all such service of process be made by mail or messenger directed to it in the same manner as provided for notices to Guarantor in this Guaranty and that service so made shall be deemed to be completed upon the earlier of actual receipt or three (3) days after the same shall have been posted to such Guarantor or such Guarantor's agent as set forth below. Each Guarantor hereby irrevocably appoints CT Corporation System as such Guarantor's agent for the purpose of accepting the service of any process within the State of Illinois. Each Guarantor waives, to the extent permitted by law, any bond or surety or security upon such bond which might, but for this waiver, be required of Lender. Nothing contained in this section shall affect the right of Lender to serve legal process in any other manner permitted by law or affect the right of Lender to bring any action or proceeding against any Guarantor or its property in the courts of any other jurisdiction.TO THE EXTENT PERMITTED BY APPLICABLE LAW, THE PARTIES HERETO EACH WAIVE ANY RIGHT TO A TRIAL BY JURY ON ANY CLAIM, DEMAND, ACTION, CAUSE OF ACTION OR COUNTERCLAIM ARISING UNDER OR IN ANY WAY RELATED TO THIS GUARANTY, AND UNDER ANY THEORY OF LAW OR EQUITY, WHETHER NOW EXISTING OR HEREAFTER ARISING.

Guaranty-Individual H051515US

Each Guarantor acknowledges that it/he/she has had ample opportunity to review and consider the terms and conditions of this Guaranty and fully understands the terms and conditions hereof.

This Guaranty shall be effective as of the date specified below (the, "Effective Date"). This Guaranty shall be deemed to be made in Illinois, and shall be interpreted and the rights and obligations of the parties, whether arising in contract or tort or otherwise, shall be determined in accordance with the internal laws (as opposed to the conflicts of laws provisions) of the State of Illinois. This Guaranty may be executed by facsimile signature or electronic transmission, as directed by Lender. Each Guarantor hereby waives notice of acceptance of this Guaranty by Lender. If more than one person has signed this Guaranty, then the term "Guarantor" herein shall refer to each of the undersigned designated as "Guarantor" and the obligations of each of the undersigned Guarantors shall be joint and several with each other Guarantor. Each Guarantor affirms that its/his/her true and lawful signature appears below.

**Name of Debtor:** The following, each individually, "Debtor", or collectively, "Debtors", under this Guaranty:

High Country Dealerships, Inc.

Date: March 13, 2017

**GUARANTOR**

By: _____

Print Name:   Sid Eibl von Rospeunt

Home Address for Notices:
4502 South Ocean Boulevard
Highland Beach, Florida 33487

---

**FOR USE BY TCF Inventory Finance, Inc.**

Accepted in Illinois:

TCF Inventory Finance, Inc.

By: _____

Print Name:   Ashley Kieninger
Title:   Documentation Specialist

Address for Notices:
P.O. Box 59376
Schaumburg, IL 60159-0376

3 of 3

Guaranty-Individual H051515US