**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **TCF INVENTORY FINANCE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19 C 6884** |
| | ) | |
| **HIGH COUNTRY DEALERSHIPS,** | ) | |
| **INC. and SID EIBL VON ROSPEUNT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

MATTHEW F. KENNELLY, District Judge:

     Plaintiff TCF Inventory Finance, Inc. has sued High Country Dealerships, Inc.
and Sid Eibl Von Rospeunt for breach of contract.  Earlier this year, TCF moved for
summary judgment against both defendants.  Shortly thereafter, the Court granted
defense counsel's motion to withdraw from the representation of High Country.  A month
later, the Court entered a default judgment against High Country after it failed to file an
appearance of counsel.  The Court now considers TCF's motion for summary judgment
as to Von Rospeunt.

**Background**

     In March 2017, High Country entered into an agreement with TCF under which
TCF agreed to finance High Country's acquisition of inventory in return for a security
interest in the acquired inventory.  Compl., Ex. 1.  Under the terms of the agreement,
High Country was obligated to repay TCF's advances under a schedule provided by
TCF.  Von Rospeunt, High Country's president, entered into a separate agreement with

TCF in which he guaranteed the prompt payment of High Country's obligations to TCF. *Id.*, Ex. 2.

TCF alleges that High Country breached the security agreement by failing to make required payments. In June 2019, TCF sent High Country and von Rospeunt a notice of default demanding payment by a specific date of the past due amount of $41,815.52. *Id.*, Ex. 3. When High Country failed to make payment, TCF sent the defendants in July 2019 a notice of acceleration, demanding payment of High County's entire outstanding balance of $358,328.47. *Id.*, Ex. 4. In August 2019, von Rospeunt executed, on High Country's behalf, a document acknowledging the default and agreeing to surrender possession of the collateral to TCF. *Id.*, Ex. 5.

TCF contends that High Country surrendered some of the required inventory to TCF's agents but that twenty-three items of inventory or their proceeds, totaling $155,883.06 in invoice value, have yet to be turned over. TCF also contends that the inventory that High Country did surrender was liquidated at 100% of the invoice price and credited against the outstanding balance owed.

Based on High Country's claimed failure to surrender the remaining inventory, TCF contends it has sustained damages in the amount of $164,097.40, consisting of $155,883.06 in principal and $8,214.34 in interest and loan fees. TCF seeks to recover that amount against von Rospeunt, as guarantor, by way of its motion for summary judgment. Von Rospeunt, who is proceeding *pro se*, objects to TCF's motion and contends that he is entitled to further discovery.

**Discussion**

Summary judgment is appropriate where the movant demonstrates that there is

2

"no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014) (quoting *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "In determining whether a genuine issue of material fact exists, [the court] view[s] the record in the light most favorable to the nonmoving party. *Id.* (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Von Rospeunt contends that TCF's claim against him is premature because it was first required to file suit and obtain judgment against High Country, the primary obligor, before filing suit him as guarantor. Assuming this is still a live issue—at this point, TCF *has* obtained a judgment against High Country—von Rospeunt's contention lacks merit. Illinois law, which the parties agree applies, permits a lender to sue an "absolute" guarantor without first attempting collection from the primary obligor. *See Ochs v. Hindman*, 984 F. Supp. 2d 903, 908 (N.D. Ill. 2013) (citing *Lawndale Steel Co. v. Appel*, 98 Ill. App. 3d 167, 169, 423 N.E.2d 957, 960 (1981)). The opposite is true regarding a "conditional" guarantor, that is, one who guarantees collection as opposed to payment, *see id.* at 908-09, but von Rospeunt was an absolute guarantor. The guaranty that he executed states that he "unconditionally guarantees the full and punctual payment and performance when due" and that "[t]his is a guarantee of payment and not of collection." Compl. Ex. 2, at 1. If the words of a contract are "clear and unambiguous," a court gives them their "plain [and] ordinary [ ] meaning." *Thompson v. Gordon*, 241 Ill. 2d 428, 441, 948 N.E.2d 39, 47 (2011). The Court

3

concludes that TCF was not required to attempt collection from High Country before filing suit against von Rospeunt.

Von Rospeunt next contends that he is entitled to more discovery before the Court entertains TCF's motion for summary judgment. Federal Rule of Civil Procedure 56(d) states that a party faced with a motion for summary judgment who seeks discovery must "move for a continuance and submit an affidavit explaining why the additional discovery is necessary." *Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706 (7th Cir. 2006).

Von Rospeunt has offered no affidavit in support of his contention that further discovery is needed. And his unsworn explanation for what he says he needs is less than clear. The following represents the best that the Court make out from von Rospeunt's submission. He says that High Country was a dealer for two original equipment manufacturers (OEMs), which sold inventory to High Country, with High Country financing the acquisition of the inventory through TCF. Upon delivery to High Country, the OEMs would sell their receivables to TCF. Von Rospeunt says that "[t]he agreements between the OEM's and Plaintiff are a crucial part of this litigation." Def.'s Ans. to Pl.'s Mot. for Summ. J. at 2. The only explanation he offers for this, however, is that these documents "will proof [sic] Defendants case that Plaintiff has no claim against Defendants." That's a conclusion, not an explanation, and as such it is not good enough to defer ruling.

Von Rospeunt goes on to say that when High Country surrendered its inventory, it turned the inventory over not to TCF but to the OEMs. He contends that the documents he has requested "will show a large discrepancy between filing and actual

4

by Plaintiff." *Id.* It's not entirely clear what von Rospeunt means by the difference between "filing and actual," but it may be that he is disputing TCF's contention regarding the number of inventory items that were not turned over: he says that "[t]he OEMs' repossessed the units in a way without counting and given [sic] proper documentation to Defendant therefore making the pick-up unaccountable." *Id.* TCF's claim, he says "is fraudulent with respect to the dollar amounts." *Id.* at 3.

Here, in the Court's view, von Rospeunt may have a point, at least regarding discrepancies between what is claimed by TCF and what is documented in the present motion for summary judgment. Based on the record, the Court is unable to reconcile the figures offered by TCF and thus cannot grant summary judgment in TCF's favor for the amount it requests. The Schedule to Voluntary Surrender that TCF provided along with its complaint lists forty-one items that High Country was required to surrender. *See* Compl., Ex. 5. In its motion for summary judgment, TCF contends that High Country failed to surrender twenty-three items, the total value of which was $155,883.06. Pl.'s Mem. in Supp. of Mot. for Summ. J. at 2; Pl.'s Stat. of Material Facts ¶ 31. TCF has submitted declarations from representatives of the two OEMs regarding their recovery of inventory from High Country. One representative states that he recovered thirteen items; the other states that he recovered twenty-one. Pl.'s Stat. of Material Facts, Ex. D ¶¶ 4, 6–8; Ex. E ¶ 4. That's a total of thirty-four, which would appear to leave just seven items missing out of the forty-one that High Country was supposed to surrender, not twenty-three. And even the figure of thirty-four is not clear; a declaration from a TCF senior portfolio manager represents that the two OEMs recovered a total of *thirty-five* items. *Id.*, Ex. C ¶ 26. And on the main point, that same affidavit references the

5

voluntary surrender document (which, as indicated, lists forty-one items), *id.* ¶ 24, but does not explain the math that would show how forty-one items to be surrendered minus thirty-four or thirty-five that were recovered somehow equals twenty-three missing items.

TCF has also submitted what amounts to a pile of audit reports that purport to list items that were sold but as to which no proceeds were remitted, but it has made no effort to explain what these documents show either individually or in the aggregate. The Court acknowledges that the exhibit that the TCF representative identifies as "[a] true and correct accounting of the Missing Inventory," *id.* ¶ 32, Exhibit C-1, indeed lists twenty-three items, but the bottom line is that TCF has not tied all of the threads together in a way that would permit entry of summary judgment for the amount it requests. TCF is entitled to summary judgment on the issue of von Rospeunt's liability, but the matter of the amount TCF is entitled to recover has not been established in a way that would permit entry of a final judgment.

A final issue is whether any of von Rospeunt's affirmative defenses create a genuine factual dispute. He contends that TCF did not act in a commercially reasonable manner when disposing of the inventory High Country surrendered. Def.'s Answer ¶¶ 33–50. Specifically, von Rospeunt asserts that TCF's manner, method, time, and place of disposing of the surrendered collateral was not commercially reasonable in that it yielded a price significantly below the range of proceeds that should have been obtained, *id.* ¶ 34; it failed to advertise the surrendered collateral in a manner that would engender competitive bidding, *id.* ¶ 38; and it failed to act in a commercially reasonable fashion by allowing its agents to dispose of the surrendered inventory, *id.* ¶ 48.

6

These defenses lack merit. TCF has established that it credited High Country with 100% of the invoice value of its surrendered inventory; it does not seek to recover a deficiency on any surrendered item. *See* Pl.'s Mem. in Supp. of Mot. for Summ. J. at 2. Rather, TCF's claimed damages consist only of the value of inventory it contends was not surrendered or for which proceeds were not received. It is entitled to summary judgment on von Rospeunt's affirmative defenses.

## Conclusion

For the reasons stated above, the Court grants plaintiff's motion for summary judgment as to defendant von Rospeunt [dkt. no. 32] only on the issue of liability and also strikes defendant's affirmative defenses. Plaintiff is not, however, entitled at this point to summary judgment regarding the amount due. The case is set for a telephone status hearing on December 18, 2020 at 8:55 a.m. to discuss a schedule for any further proceedings needed to bring the case to a conclusion. The following call-in number will be used for the hearing: 888-684-8852, access code 746-1053. The parties should wait for the case to be called before announcing themselves.

Date: December 13, 2020

MATTHEW F. KENNELLY
United States District Judge